**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joseph Dean HAYDEN, Defendant–
Appellant.**

No. 03–30070.
D.C. No. CR–02–00095–EFS.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 21, 2003.

Before SCHROEDER, Chief Judge,
HAWKINS, and TASHIMA, Circuit
Judges.

### MEMORANDUM **

Joseph Dean Hayden, a federal prisoner, appeals the district court's imposition of restitution following his guilty-plea conviction for conspiracy to commit credit-card fraud in violation of 18 U.S.C. §§ 371 and 1029(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Hayden challenges the district court's imposition of $9040.00 in restitution to one of the victims, Boeing Employees Credit Union, arguing that the amount was not based on losses directly resulting from the criminal conduct. We disagree. *See* 18 U.S.C. §§ 3663, 3664; *United States v. Zink,* 107 F.3d 716, 719 (9th Cir.1997)

(holding that Victim and Witness Protection Act, which authorizes restitution up to the amount actually lost by the victims, grants the district court broad discretion in the kind and amount of evidence required to order restitution). The record reveals that each itemized claim by the Credit Union is directly attributable to investigating the initial breach of security, repairing the damage to the business, and protecting the security of member accounts. Accordingly, the restitution award properly included costs directly related to the defendant's conduct. *See United States v. Gamma Tech Indus., Inc.,* 265 F.3d 917, 928 (9th Cir.2001); *United States v. Koenig,* 952 F.2d 267, 274–75 (9th Cir. 1991) (upholding restitution for cost of reprogramming bank computers after defendants conspired to steal ATM account information).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.